973 So.2d 1037 (2008)
Kenneth D. BLAKENEY, Rose C. Blakeney and Issaquena and Warren Counties Land Company, LLC, Appellants
v.
WARREN COUNTY, Mississippi, Appellee.
No. 2006-CA-01889-COA.
Court of Appeals of Mississippi.
January 29, 2008.
Mark D. Herbert, Lisa Anderson Reppeto, Jackson, attorneys for appellants.
Paul Evans Winfield, attorney for appellee.
Before MYERS, P.J., GRIFFIS and CARLTON, JJ.
*1038 GRIFFIS, J., for the Court.
¶ 1. Warren County filed a complaint for temporary and permanent injunctive relief to allow its surveyor to enter lands owned by the Blakeneys in order to determine whether the Blakeneys were in violation of the county flood plain ordinance. The injunction was granted by the circuit court. The Blakeneys now appeal that decision and argue that the circuit court erred by (1) denying their motion to dismiss, (2) denying their motion for a continuance, and (3) denying their motion for a directed verdict and granting the injunction. We find that the circuit court did not have personal jurisdiction over the Blakeneys. Accordingly, we reverse and render.

FACTS
¶ 2. Warren County initiated this proceeding by requesting that the circuit court grant an injunction to allow the county to enter land owned by the Blakeneys. The county claimed that it wanted to enter the land to determine whether the Blakeneys were violating the county flood plain ordinance. However, we must note that this is not the only current proceeding involving these same parties.
¶ 3. On August 1, 2005, the Blakeneys filed a chancery court action against the county involving a dispute over the ownership of a road. According to the Blakeneys's brief, the Blakeneys are members of Issaquena and Warren Counties Land Co., LLC ("IWCLC"), an organization that purchased land to be used for hunting and fishing. After the purchase, Paw Paw Island Land Company, whose members used the road to access their boat launch to Paw Paw Island, brought suit against IWCLC seeking a prescriptive easement over the road. The county became involved in the dispute when it sent a letter to IWCLC requesting that the gates be removed from the disputed road. That case is currently pending in the Chancery Court of Warren County.
¶ 4. The county filed the present action on September 25, 2006, seeking an injunction that would allow its surveyor, to inspect the land owned by the Blakeneys to determine whether they are violating the county's flood plain ordinance. The county sought the injunction after the Blakeneys refused to allow the surveyor onto the property.
¶ 5. The county's surveyor claimed that, while gathering information during the discovery phase of the chancery court action, he realized that the Blakeneys had violated the county's subdivision ordinance. He also observed possible violations of the flood plain ordinance. After reporting this information to county officials, the surveyor was instructed to inspect the property for violations of the flood plain ordinance. Such an inspection required the surveyor to enter the land and measure the distance between sea level and the base of any structures that had been built on the property.
¶ 6. The surveyor's employees first went to the property to gather preliminary information on September 12, 2006. They attempted to enter the property on September 13, 2006, and were asked to leave by Mrs. Blakeney. The surveyor provided Mrs. Blakeney with a copy of Senate Bill No. 2071 entitled, "An Act to Provide Land Surveyors with Immunity from Criminal Trespass when Entering in or upon Public or Private Lands or Waters in the performance of Surveying Duties," to put her on notice of the purpose of his inspection of the property. Even so, Mrs. Blakeney insisted that he was trespassing and asked him to leave.
¶ 7. The Blakeneys then contacted their attorney who assumed that the county was trying to obtain additional discovery in the *1039 chancery court matter. The Blakeneys's attorney sent a letter to the county's attorney advising that the allowed period of discovery under the rules had passed because the trial was set to resume in twelve days. In response to this letter, the county attorney stated that the inspection was related to criminal violations on the property that were separate from the civil litigation before the chancery court.
¶ 8. On September 14, 2006, the surveyor attempted to inspect the property again. Mr. Blakeney stopped him on the road to the property and told him to leave. The surveyor called the sheriff's office who refused to get involved unless the surveyor had a court order. The surveyor made a final attempt to inspect the property on September 15, 2006. That day, he was met by the Blakeneys's attorney who informed the surveyor that the Blakeneys did not consent to him entering their property and any inspection would be a violation of the Blakeneys's Fourth Amendment rights.
¶ 9. Thereafter, the county filed this action to obtain an injunction to allow the surveyor to conduct the inspection. The action was filed on September 25, 2006, and the hearing was set exactly one week later. The Blakeneys claim that they were never served the complaint and did not receive notice of the hearing until Thursday, September 28, 2006, before the hearing set for Monday, October 2, 2006. On the Friday before the hearing, the Blakeneys were denied access to public records maintained by the county. County officials suggested they submit a request for records, and the county had fourteen days to respond the request. Thus, the Blakeneys were unable to obtain the records before the hearing.
¶ 10. The. Blakeneys filed a motion to dismiss, a motion for a continuance, and a motion for directed verdict that were all denied by the trial court. After the hearing, the court granted the injunction to allow the county's surveyor to enter the land. We now consider the Blakeneys's appeal from the issuance of that injunction.

ANALYSIS
Whether the circuit court erred in denying the Blakeneys's motion to dismiss.
¶ 11. The Blakeneys argue that their motion to dismiss should have been granted because they were never served process and because the county's complaint failed to state a cause of action. We review the denial of a motion to dismiss under a de novo standard of review. Harris v. Miss. Valley State Univ., 873 So.2d 970, 988(¶ 54) (Miss.2004).
Service of Process
¶ 12. The Blakeneys contend that they were never served with process. Thus, they argue that the circuit court did not obtain personal jurisdiction over them as defendants and did not have the power to grant the injunction. The record reflects that summons was issued; however, the court file contained no return of service. The Blakeneys claim that they were never served and only received notice of the hearing on Thursday, September 28, 2006, when the court clerk sent their attorney an e-mail announcing that the hearing would be held the following Monday, October 2, 2006.
¶ 13. In order for a judgment of a court to be valid, the court must have personal jurisdiction over the parties to the action. James v. McMullen, 733 So.2d 358, 359(¶ 3) (Miss.Ct.App.1999) (quoting Rice v. McMullen, 207 Miss. 706, 727, 43 So.2d 195, 201 (1949)). "The existence of personal jurisdiction, in turn, depends upon the presence of reasonable notice to the defendant that an action has been brought." Noble v. Noble, 502 So.2d 317, *1040 320 (Miss.1987) (quoting Kulko v. California Superior Court, 436 U.S. 84, 91, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978)). However, our supreme court has held that "absent some proof of defendant's receipt of summons, the reasonableness of notice is questionable." Id. Further, "even actual knowledge of a suit does not excuse proper service of process." Mansour v. Charmax Indus., 680 So.2d 852, 855 (Miss.1996) (citing Brown v. Riley, 580 So.2d 1234, 1237 (Miss.1991)).
¶ 14. At the hearing on October 2, 2006, the Blakeneys immediately notified the circuit court that they had not been served with process in this matter. It was the county's burden to show that the Blakeneys had been served with process. Montgomery v. SmithKline Beecham Corp., 910 So.2d 541, 547(¶ 24) (Miss.2005). However, the county made no attempt to do so. Regardless, the circuit court denied the Blakeneys's motion to dismiss and proceeded to hear the merits of the case. Because the Blakeneys were not properly served, we find that the circuit court did not have personal jurisdiction over the defendants. Thus, the injunction was improperly granted.
¶ 15. We note that the county makes reference to this matter as a criminal investigation, yet it argues that no search warrant is required to allow the surveyor to enter the Blakeneys's property. However, the law dictates that, "[a]bsent consent or some recognized exception or exigency for which a warrant is not required, warrantless entries are illegal." Rose v. State, 586 So.2d 746, 752 (Miss. 1991) (citing Michigan v. Tyler, 436 U.S. 499, 509, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978)). If the county is, as it claims, conducting a criminal investigation on the Blakeneys's property, the county is required to obtain a search warrant supported by probable cause. See Miss. Const. art. 3, § 23; Tyler, 436 U.S. at 499, 98 S.Ct. 1942.
¶ 16. Because the circuit court lacked personal jurisdiction to enter a judgment against the Blakeneys, it is unnecessary that we consider the other assignments of error. We reverse and render, finding that the Circuit Court of Warren County lacked jurisdiction to grant injunctive relief.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE OPINION.