997 So.2d 226 (2008)
Thomas LUCAS, Kathleen Lucas Munn, James L. McNeill, Michelle McNeill Ciaccio and Matthew McNeill, Individually, and On behalf of the Estate of Jane Lucas, Appellants
v.
BAPTIST MEMORIAL HOSPITAL-NORTH MISSISSIPPI, INC., Appellee.
No. 2007-CA-00980-COA.
Court of Appeals of Mississippi.
December 2, 2008.
*228 John G. Holaday, Peter Thomas Martin, Aberdeen, attorneys for appellants.
Michael N. Watts, Oxford, Jonathan S. Masters, Clarksdale, attorneys for appellee.
Before KING, C.J., BARNES and ISHEE, JJ.
BARNES, J., for the Court.
¶ 1. On February 7, 2007, the Circuit Court of Lafayette County granted a motion to dismiss filed by Baptist Memorial Hospital-North Mississippi (BMH-NM). Thomas Lucas now appeals, asserting that it was error for the trial court to grant BMH-NM's motion to dismiss and deny Lucas's motion to alter or amend the judgment. We find no error and affirm the trial court's judgment.

FACTS
¶ 2. On September 20, 2001, Jane Lucas was admitted to BMH-NM in Oxford, Mississippi for a lung biopsy. Following the outpatient procedure, Mrs. Lucas's lungs filled with blood, allegedly due to complications with her prescription medication, and she died that same day. On or about December 31, 2002, her husband, Lucas, filed a medical negligence action against BMH-NM in the Circuit Court of Pontotoc County.[1] Lucas filed an amended complaint on or about April 29, 2003. At that time, Lucas also filed a motion for additional time to serve process in order to obtain requested medical records. The motion was granted by the trial court on or about April 28, 2003, and the order was filed with the court on May 1, 2003, granting Lucas an additional 120 days in which to serve process.[2]
¶ 3. The record reflects that a summons was issued on April 29, 2003; however, there is no evidence that the summons was ever served upon BMH-NM, or upon its representatives. Lucas later sent a copy of the summons and complaint to CT Corporation on October 1, 2003, via certified mail, which was rejected due to a discrepancy with the name of the defendant.[3] Lucas ultimately served process on BMH-NM on or about November 7, 2003. On November 24, an attorney for BMH-NM returned the acknowledgment of receipt of summons and complaint. On December 15, BMH-NM filed its answer to the complaint asserting various defenses, among which included: (1) venue was improper; (2) BMH-NM had been improperly identified as "Baptist Memorial Hospital"; and (3) Lucas failed to serve process within 120 days of filing the complaint. A motion to dismiss for improper venue, or in the alternative, transfer of venue, was filed on January *229 20, 2004.[4] An order transferring venue to Lafayette County, Mississippi was entered on February 3, 2005.
¶ 4. BMH-NM filed a motion to dismiss on August 20, 2004, asserting insufficiency of process and expiration of the statute of limitations.[5] A hearing was held on July 22, 2005, on BMH-NM's motion to dismiss. The motion to dismiss was granted, with prejudice, on February 7, 2007. Lucas submitted a motion to alter or amend judgment on May 1, 2007, which was denied. Lucas now appeals the trial court's dismissal.

I. Whether the trial court erred in granting BMH-NM's motion to dismiss and entering a final judgment.
¶ 5. When reviewing a trial court's grant or denial of a motion to dismiss, this Court employs a de novo standard of review. Blakeney v. Warren County, 973 So.2d 1037, 1039(¶ 11) (Miss.Ct.App.2008). We will address Lucas's arguments below.

a. Lucas timely served process on BMH-NM within the applicable statute of limitations and asserted good cause for not serving process within the 120-day time limit as required under Mississippi Rule of Civil Procedure 4(h).
¶ 6. Lucas admits that process was not served on BMH-NM during the 120-day time period as set forth under Rule 4(h) of the Mississippi Rules of Civil Procedure, which states:
(h) Summons: time limit for service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
(Emphasis added). Nor was process served within the additional 120-day time period granted by the trial court. However, Lucas asserts that he had "good cause" for not meeting the deadline for service of process. Lucas states that he attempted to serve BMH-NM in April 2003. In addition, counsel for Lucas was experiencing "severe difficulties within his practice" that prevented him from obtaining process sooner. Lucas also argues that, based on the court's finding of good cause for the additional 120 days after original complaint and BMH-NM's acknowledgment of service of process (dated November 2003), the trial court's dismissal should be overruled.
¶ 7. Lucas had two time periods in which he might have effectively served process following the filing of the complaint. The first period was from December 31, 2002, to April 30, 2003. The next period, which was granted by the trial court on April 28, 2003, was from that date until August 28, 2003. Lucas failed to serve process during either period. Lucas, in fact, did not even have a summons issued until April 29, 2003. That summons was never served on BMH-NM or any of its representatives. Lucas attempted service *230 on October 22, 2003, by sending a copy of the summons and complaint to BMH-NM's registered agent, CT Corporation. This summons was rejected by CT Corporation as having an incorrect name listed for the defendant.[6] BMH-NM finally received service of process on November 7, 2003, seventy-one days after the extended time limit had expired. Based on these facts, we agree with the trial court that Lucas failed to serve process upon BMH-NM within either the original or extended time periods. Accordingly, we turn to whether Lucas demonstrated "good cause" as required under Rule 4(h).
¶ 8. In order to establish "good cause," Lucas is required to at least show "excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Watters v. Stripling, 675 So.2d 1242, 1243 (Miss.1996). We review a trial court's determination of whether good cause "exists on an abuse of discretion standard, deferring to the trial court when substantial evidence supports the determination." Heard v. Remy, 937 So.2d 939, 944(¶ 21) (Miss.2006).
¶ 9. We first look to the trial judge's finding of good cause in his order granting additional time to serve defendants with process. Lucas requested additional time in order to obtain medical records and information, and he stated that some of the delay was a result of actions by BMH-NM. The trial judge stated that "good cause exists for [Lucas] to have additional time during which to amend [the] complaint and to obtain service of process of the amended complaint upon all the Defendants."
¶ 10. Although Lucas points to the trial judge's finding of good cause in April 2003 as one reason why BMH-NM's motion to dismiss should have been denied, we do not find it relevant to the facts at hand. Even assuming there was foundation for good cause for the extension, Lucas failed to show good cause for why service was not made in the 120 days following the extension. "[N]o concrete rule in Mississippi law" exists that states that "good cause automatically will be found lacking when a plaintiff completely fails to cause a summons to issue for a defendant or does not attempt at all to serve a defendant within 120 days of the filing of her lawsuit." Long v. Mem'l Hosp. at Gulfport, 969 So.2d 35, 40(¶ 12) (Miss.2007). However, counsel's heavy caseload during that period does not establish good cause for failure to serve process. "This excusable neglect standard is a very strict standard." Moore v. Boyd, 799 So.2d 133, 136(¶ 7) (Miss.Ct.App.2001). A plaintiff must be diligent to serve process within 120 days. LeBlanc v. Allstate Ins. Co., 809 So.2d 674, 677(¶ 14) (Miss.2002); see also Heard, 937 So.2d at 944(¶ 21) (continuing failure to attempt service of process for four months, without adequate explanation, shows a lack of diligence beyond excusable neglect.). "`Good cause' can never be demonstrated where [the] plaintiff has not been diligent in attempting to serve process." Montgomery v. SmithKline Beecham Corp., 910 So.2d 541, 545(¶ 13) (Miss.2005).
¶ 11. Regarding BMH-NM's acknowledgment of process, the Mississippi Supreme Court has stated that "even actual knowledge of a suit does not excuse proper service of process." Mansour v. Charmax Indus. Inc., 680 So.2d 852, 855 (Miss.1996). *231 This Court stated in Young v. Sherrod, 919 So.2d 145, 148(¶ 12) (Miss.Ct.App.2005), that "[s]ervice by mail on an in-state defendant is complete when the defendant returns the acknowledgment within twenty days"; however, we do not find such acknowledgment a waiver of any affirmative defenses. Although BMH-NM acknowledged receipt of service, we have found no authority to show where acknowledgment of receipt of process would constitute a waiver of deficient service, nor has Lucas provided us with any such authority. In addition, other jurisdictions have not found this to be sufficient to constitute a waiver. "Acknowledgment of service, without an express waiver of process, does not constitute a waiver of valid service of process." Bailey v. Hall, 199 Ga.App. 602, 405 S.E.2d 579, 582 (1991) (citing Edison Provision Co. v. Armour & Co., 51 Ga.App. 213, 179 S.E. 829, 830 (1935)).
¶ 12. While Lucas did serve process on BMH-NM within the applicable period of statute of limitations, that is not adequate under the rules and case law. Lucas was still required to show that he effected process during the time periods allotted him under Rule 4, and as extended by the court. This he failed to do. Accordingly, we find that this argument is without merit.

b. Trial court did not rule on Lucas's second motion for extension of time or his assertion that good cause existed for failure to serve BMH-NM outside the applicable 120-day time period for service of process.
¶ 13. On September 27, 2006  over two years after BMH-NM filed its motion to dismiss  Lucas filed a "Motion for Time Until November 24, 2003, During Which to Serve BMH-NM for Alternative Relief in Rebuttal of BMH-NM's second Motion to Dismiss." In that motion, Lucas requested that the trial court find that there was good cause for his failure to serve process on BMH-NM within the applicable 120-day time periods. Lucas also specifically requested that the trial court deem the November 2003 process proper.
¶ 14. Lucas's argument is that the trial court's failure to rule on the motion or address the good cause argument was error and requires reversal by this Court. Even though the trial judge did not explicitly rule on Lucas's motion, we find that his order granting BMH-NM's motion to dismiss, coupled with his final judgment, was an "implicit denial of any outstanding motions." See Tollett v. City of Kemah, 285 F.3d 357, 369 n* (5th Cir.2002); see also United States v. Depew, 210 F.3d 1061, 1065 (9th Cir.2000) (a district court's failure to rule defendant's motion for employment of an expert witness treated as a denial of the motion). In addition, Lucas, as the party who filed the motion, had an "affirmative duty ... to follow up this action by bringing it to the attention of the judge and by requesting a hearing upon it." Dyer v. State, 300 So.2d 788, 789 (Miss.1974).
¶ 15. Further, the trial judge addressed the issue of "good cause" in his order dismissing the case. He noted that Lucas, although claiming to have issued BMH-NM a summons in both March 2003 and April 2003, never provided proof of such. The trial judge concluded that, since any service of process on BMH-NM was outside both the original and extended time periods, the applicable statute of limitations was not tolled and eventually expired. We agree and find no reversible error in the trial court's failure to rule separately on Lucas's motion.

c. BMH-NM waived and/or should be estopped from asserting insufficiency of process and statute of limitations arguments.
*232 ¶ 16. Although Lucas admits that BMH-NM included the affirmative defense of untimely service of process in its answer to the complaint, he maintains that under Rule 12 of the Mississippi Rules of Civil Procedure, it waived this defense. The rule states:
(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
(1) Lack of jurisdiction over the subject matter,
(2) Lack of jurisdiction over the person,
(3) Improper venue,
(4) Insufficiency of process,
(5) Insufficiency of service of process,....
. . . .
(g) Consolidation of defenses in motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.
(h) Waiver or Preservation of Certain Defenses.

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.
(Emphasis added). Lucas submits that since BMH-NM failed to assert insufficiency of process in its "Motion to Dismiss for Improper Venue or, in the alternative, to Transfer to the Circuit Court of Lafayette County, Mississippi," which was filed January 20, 2004, it waived this defense.
¶ 17. We find Lucas's reading of the rule incorrect. The Mississippi Supreme Court "has held that service-of-process defenses must be affirmatively asserted either in the initial responsive pleading or by motion." Burleson v. Lathem, 968 So.2d 930, 933(¶ 10) (Miss.2007). "Otherwise, they are waived." Id. Therefore, "[t]he M.R.C.P. 4(h) defense is waived only after the filing of an answer or affirmative defenses if the defense is not asserted prior to or simultaneously within the answer." Rains v. Gardner, 731 So.2d 1192, 1197(¶ 17) (Miss.1999) (emphasis added); see also Mitchell v. Mitchell, 767 So.2d 1078, 1084(¶ 20) (Miss.Ct.App.2000) (defense of insufficiency of process, or insufficiency of service of process, is waived if not pleaded "when making a pre-answer motion, or neither made by motion nor included in a responsive pleading or an amendment permitted by Rule 15(a)"); 5C Wright and Miller, Federal Practice and Procedure: Civil 3d, § 1391, p. 506 (2004) ("[i]f a party does not make a preliminary motion ... that party is not vulnerable to a waiver argument and may present a Rule 12(b)(2) through Rule 12(b)(5) challenge but it must be included in the responsive pleading").
¶ 18. BMH-NM answered the complaint on December 15, 2003, and included the affirmative defenses of improper venue and untimely service of the process within 120 days. In other words, BMH-NM asserted its affirmative defenses *233 in the "initial responsive pleading." An "insufficiency of process defense is only waived if the answer or affirmative defenses are filed omitting the defense." Collom v. Senholtz, 767 So.2d 215, 218(¶ 10) (Miss. Ct.App.2000).[7] Therefore, there was no waiver of the affirmative defense of untimely service of process due to BMH-NM's failure to include the defense in its subsequent motion to dismiss for improper venue.
¶ 19. Lucas further claims that BMH-NM also waived its insufficiency of process defense by its active participation in the litigation. Prior to filing its motion to dismiss for untimely service of process, BMH-NM filed an acknowledgment of receipt of summons and complaint, answered the complaint (including the affirmative defense of untimely service of process), filed a motion to dismiss for improper venue, responded to Lucas's motion to strike BMH-NM's affirmative defense for failure to serve process due to acknowledgment of receipt of service, and issued subpoenas for medical records to third parties. Thereafter, BMH-NM served three additional subpoenas for medical records to third parties. "Although participation in the litigation is an important factor to be considered, more is required to constitute a waiver." MS Credit Ctr., Inc. v. Horton, 926 So.2d 167, 180(¶ 41) (Miss.2006). In East Mississippi State Hospital v. Adams, 947 So.2d 887, 891(¶ 11) (Miss.2007), the Mississippi Supreme Court concluded that a defendant's subsequent participation in litigation, coupled with his failure to pursue his affirmative defenses for two years after filing his answer, was a waiver of the defenses of insufficiency of process and insufficiency of service of process. Also in Whitten v. Whitten, 956 So.2d 1093, 1099(¶ 22) (Miss.Ct.App.2007), this Court held that engaging in written discovery and settlement negotiations, coupled with a two-year delay in pursuing defenses, constituted a waiver.
¶ 20. We find the instant case distinguishable from both East Mississippi State Hospital and Whitten, cases in which the defendants participated in lengthy and extensive discovery. In the case before us, there was a nine-month delay between BMH-NM's responsive pleading and its motion to dismiss, due to BMH-NM's filing of a motion for improper venue and Lucas's motion to strike BMH-NM's affirmative defense based on the acknowledgment of the receipt of process. BMH-NM also issued two subpoenas duces tecum on third parties for medical records; however, we find this constituted only minimal participation in the litigation. None of these actions can be seen as a waiver of the affirmative defenses. Any further delay after BMH-NM's motion to dismiss was due to timing issues with the respective trial courts. We also note that, unlike the defendants in Whitten, BMH-NM did not participate in any settlement negotiations or depositions. Consequently, we find that the level of participation by BMH-NM did not constitute a waiver of the defenses.

d. Trial court's dismissal of BMH-NM violates the spirit, intent and purpose of the statute of limitations in this state and country and, as a result, unfairly deprives Lucas of his Due Process Rights under Article *234 3, Sections 14 and 24 of the Mississippi Constitution and the Fourteenth Amendment of the United States Constitution.
¶ 21. Lucas asserts that the trial court's dismissal of the action, based on its application to the limitations under Rule 4(h), was unreasonable and that BMH-NM suffered no prejudice as a result of untimely service of process. Lucas says that the trial court's dismissal unfairly deprived him of his Due Process Rights under Article 3, Sections 14 and 24 of the Mississippi Constitution and the Fourteenth Amendment of the United States Constitution and shortened the applicable statute of limitations.
¶ 22. We reject this assertion. There is no ambiguity as to the applicable statute in this instance. Pursuant to Mississippi Code Annotated section 15-1-36(2) (Rev.2003), Lucas had two years in which to file his complaint. The statute of limitations started running on September 20, 2001, and was tolled for 120 days upon Lucas's filing of his complaint on December 31, 2002. The statute of limitations was also tolled for an additional 120 days upon the trial court's granting Lucas an extension for service of process. However, once Lucas failed to serve process on BMH-NM within those 120-day periods, the statute of limitations automatically began to run. See Holmes v. Coast Transit Auth., 815 So.2d 1183, 1185(¶ 7) (Miss. 2002).
¶ 23. Lucas's argument that the trial court's dismissal was unreasonable appears to be an attempt to apply the doctrine of equitable estoppel to this case. In order to establish equitable estoppel, "which should only be used in exceptional circumstances and must be based on public policy, fair dealing, good faith, and reasonableness, there must be (1) belief and reliance on some representation; (2) a change of position as a result thereof; and (3) detriment or prejudice caused by the change of position." Windham v. Latco of Miss., Inc., 972 So.2d 608, 612(¶ 6) (Miss. 2008) (internal citations and quotations omitted). We do not see where equitable estoppel could be applied here. Although Lucas maintains that BMH-NM "laid in wait" after filing its answer until the applicable statute of limitations had run, BMH-NM asserted its affirmative defense in its answer months before the statute of limitations had expired. Therefore, Lucas was on notice of any deficiencies and had options to cure such defects. The supreme court clearly noted in Triple "C" Transp., Inc. v. Dickens, 870 So.2d 1195, 1200(¶ 34) (Miss.2004), that in order to prevent the statute of limitations from expiring, a plaintiff may dismiss and refile his claim, or he may request additional time in which to file by demonstrating to the court good cause as to why the defendant was not properly served within the time allowed. However, Lucas did not avail himself of either of these options after the extended 120-day time had elapsed. As we have already noted, only after BMH-NM's motion to dismiss was filed did Lucas request that the trial court make a retroactive finding that good cause existed for his failure to serve BMH-NM within the applicable 120-day time periods and, consequently, find that the November 2003 service was proper. However, the trial court declined to do so. As we have found that Lucas has not shown good cause for such an extension, we find no error.
¶ 24. "Though statutes of limitation[s] may sometimes have harsh effects, it is not the responsibility of the State, nor any other potential defendant, to inform adverse claimants that they must comply with the law." Mississippi Dep't of Pub. Safety v. Stringer, 748 So.2d 662, 667(¶ 21) (Miss.1999). "[T]he doctrine of equitable *235 estoppel [does not] excuse a plaintiff's failure to comply with the statute of limitations[.]" Id. at 664(¶ 10). Finding no error, this issue is without merit. We also note here that "[a] trial court's dismissal of an action for failure to serve process as required by Rule 4 of the Mississippi Rules of Civil Procedure is not a `matter of form' for purposes of the savings statute [Mississippi Code Annotated section 15-1-69]." Owens v. Mai, 891 So.2d 220, 224(¶ 18) (Miss.2005).

II. Whether the trial court erred in its denial of Lucas's motion to alter or amend judgment dismissing defendant.
¶ 25. After the trial court entered its order dismissing BMH-NM from the lawsuit, Lucas filed a motion to alter or amend judgment dismissing the defendant under Rule 59(e) of the Mississippi Rules of Civil Procedure, which the trial court denied. The grounds for the motion were that BMH-NM had waived the affirmative defense of untimely service of process, which we have already discussed. However, Lucas also asserts that it was error for the trial court to deny his motion as there was a "need to correct a clear error of law or to prevent manifest injustice." Journeay v. Berry, 953 So.2d 1145, 1160(¶ 51) (Miss.Ct.App.2007) (quoting Brooks v. Roberts, 882 So.2d 229, 233(¶ 15) (Miss. 2004)).
¶ 26. A trial court's denial of a Rule 59 motion is reviewed under an abuse of discretion standard. Brooks, 882 So.2d at 233(¶ 15). "The grant or denial of a Rule 59 motion is within the discretion of the judge[,] and we will not reverse the denial absent an abuse of discretion or if allowing the judgment to stand would result in a miscarriage of justice." Journeay, 953 So.2d at 1160(¶ 51) (citing Clark v. Columbus & Greenville Railway Co., 473 So.2d 947, 950 (Miss.1985)).
¶ 27. Lucas presented nothing in his brief to demonstrate an abuse of discretion by the trial judge in denying his motion under Rule 59(e). We find no clear error of law, nor do we find that the denial of the motion resulted in a manifest injustice to Lucas. Accordingly, this issue is without merit.

CONCLUSION
¶ 28. As Lucas has not shown good cause for his failure to serve BMH-NM with process within the original and extended periods, the statute of limitations began to run after the extended 120-day tolling period, and it subsequently expired, requiring that this case be dismissed with prejudice. Therefore, we affirm the judgment of the trial court.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.
NOTES
[1] The plaintiffs listed in the action were Thomas Lucas, Kathleen Lucas Munn, James L. McNeill, Michelle McNeill Ciaccio, and Matthew McNeill, individually and on behalf of the Estate of Jane Lucas. There were other defendants that were also listed but for the purpose of this opinion, the only pertinent defendant is BMH-NM. We note that a final certified judgment for BMH-NM was entered under Mississippi Rule of Civil Procedure 54(b); therefore, this case is properly before us on appeal.
[2] The order granting the motion was actually signed by the trial judge one day before the motion for extension of time was filed. In a similar case, Johnson v. Thomas, 982 So.2d 405 (Miss.2008), counsel filed the motion two days after the trial court granted the extension. We find that the supreme court aptly summed up this discrepancy with its statement, "We can thus safely say that Johnson's attorney construed our rules of civil procedure in such a way as to assure a `speedy' determination of her motion." Id. at 409 n. 3.
[3] CT Corporation was served approximately 153 days after the request for additional time to serve process was granted by the trial court on May 1st.
[4] The motion was based on the fact none of the defendants were to be found in Pontotoc County, Mississippi. All other defendants were in Lafayette County, Mississippi. The cause of action also occurred in Lafayette County. We also note that the only nonresident defendant, Merck & Co., Inc., was eventually dismissed from the suit on November 19, 2004.
[5] BMH-NM asserted in its brief that the statute of limitations expired on May 15, 2004. Lucas contends that the applicable statute of limitations expired on May 17, 2004.
[6] The process papers listed the defendant as "Baptist Memorial Hospital." CT Corporation represented several entities beginning with that name; therefore, it returned the papers for clarification.
[7] BMH-NM notes that both the October 2003 and November 2003 service of process were done by certified mail, which was insufficient as "[s]ervice of process may not be had by certified mail upon an in-state defendant." See Triple "C" Transp., Inc. v. Dickens, 870 So.2d 1195, 1198(¶ 21) (Miss.2004). As BMH-NM failed to include this as an affirmative defense in its answer, under Rule 12(h) of the Mississippi Rules of Civil Procedure, the issue of deficiency of service of process by certified mail was waived.