KING, C.J.,
for the Court:
¶ 1. Patricia Shaver filed a lawsuit against Frankie Blackwell for damages arising out of an automobile accident. Blackwell filed a motion to dismiss or, in the alternative, a motion for summary judgment, arguing that Shaver failed to timely serve her. The trial court found that Shaver failed to timely serve Blackwell and that Shaver did not show good cause for this failure. Thus, the trial court granted Blackwell’s motion to dismiss or, in the alternative, motion for summary judgment. Aggrieved, Shaver appeals, raising two issues:
I. Whether the trial court erred by dismissing Shaver’s claims for failure to serve process and by finding that Shaver did not demonstrate good cause; and
II. Whether Blackwell waived her affirmative defense of insufficiency of process by actively participating in the litigation.
We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On July 21, 2004, Shaver and Blackwell were involved in an automobile accident on I — 10 in Hancock County. Nearly three years later on July 6, 2007, Shaver filed a complaint and summons against Blackwell seeking damages for alleged injuries that she sustained in the accident. The summons was returned on July 19, 2007, and stated that Blackwell could not be found at the address listed. A handwritten notation on the return of summons stated that Blackwell had moved to Colorado.
¶ 3. On November 14, 2007, Shaver filed a motion for additional time to serve the complaint.[1] Five days later, the trial court granted the motion and gave Shaver an additional sixty days to serve Blackwell. On January 9, 2008, Shaver filed a second summons to be served upon Blackwell. However, the second summons listed the same undeliverable address that was listed on the first summons. Thereafter, Shaver filed a second motion for additional time to serve Blackwell on January 14, 2008. The trial court granted the motion and gave Shaver an additional ten days to serve Blackwell. Shaver served Blackwell on January 20, 2008.
¶ 4. On February 14, 2008, Blackwell made a special appearance and requested additional time to respond to Shaver’s complaint. The trial court granted the motion. On March 19, 2008, Blackwell filed a motion to dismiss or, in the alternative, a motion for summary judgment arguing that Shaver failed to serve her *1157 within 120 days of filing the complaint. Blackwell also filed an answer to Shaver’s complaint on March 81, 2008, denying fault and preserving her affirmative defenses. Due to the trial court’s docket, the hearing on the motion to dismiss was not held until December 12, 2008. In the meantime, both parties served requests for discovery in the form of interrogatories and requests for production of documents.
¶ 5. During the hearing on the motion to dismiss or, in the alternative, motion for summary judgment, Shaver stated that she had a difficult time locating Blackwell because Blackwell moved after Hurricane Katrina, got married, and changed her last name. Blackwell informed the trial court that: she had moved to Colorado in June 2007; she was not evading service; and she had left a forwarding address with the post office.[2] The trial court entered an order of dismissal on January 8, 2009, finding that Shaver had failed to show good cause for not serving Blackwell within 120 days of filing the complaint. Accordingly, the trial court granted Blackwell’s motion to dismiss or, in the alternative, motion for summary judgment. Aggrieved, Shaver appeals the trial court’s ruling.
ANALYSIS
¶ 6. This Court reviews the trial court’s grant or denial of a motion to dismiss or a motion for summary judgment under a de novo standard of review. City of Jackson v. Perry, 764 So.2d 373, 375 (¶ 9) (Miss.2000). However, “[a] trial court’s finding of fact on the existence of good cause for the delay in service of process has been deemed ‘a discretionary ruling and ... entitled to deferential review” on appeal.” Holmes v. Coast Transit Auth., 815 So.2d 1183, 1185 (¶ 6) (Miss.2002).
I. Good Cause
¶ 7. Shaver argues that the trial court erred by dismissing her claims for failing to timely serve Blackwell because she demonstrated good cause. Specifically, Shaver claims that she diligently attempted to locate Blackwell and argues that Blackwell moved to Colorado after Hurricane Katrina, got married, and changed her last name, which presented challenges to her search. Conversely, Blackwell maintains that she left a forwarding address with the post office when she moved to Colorado in June 2007 and that Shaver failed to demonstrate diligence or show good cause for her failure to timely effectuate service of process.
¶ 8. Mississippi Rule of Civil Procedure 4(h) provides that:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
To establish good cause, the plaintiff must demonstrate that she made diligent efforts to effect service upon the defendant. Foss v. Williams, 993 So.2d 378, 379 (¶ 6) (Miss.2008). Examples of good cause include: “when the failure is a result of the conduct of a third person; when the defendant has evaded service of process or engaged in misleading conduct; when the plaintiff has acted diligently; when there are understandable mitigating circumstances; or when the plaintiff is proceeding pro se or in forma pauperis.” Id. (citing Holmes, *1158 815 So.2d at 1186 (¶ 12)). A plaintiff may file a motion for additional time to serve the defendant. See Kingston v. Splash Pools of Miss., Inc., 956 So.2d 1062, 1064 (¶ 8) (Miss.Ct.App.2007). However, the motion should be filed before the expiration of the 120-day time period following the filing of the complaint, which is also evidence of diligence. Id. (citing Mitchell v. Brown, 835 So.2d 110, 112 (¶ 10) (Miss.Ct.App.2003)).
¶ 9. As previously mentioned, Shaver failed to effectuate service of process against Blackwell within 120 days of filing her complaint. Additionally, Shaver’s first motion requesting additional time to serve Blackwell was untimely filed. Shaver claims that she acted diligently and claims that Blackwell’s moving to Colorado, marrying, and changing her last name is an understandable mitigating circumstance. However, we disagree.
¶ 10. The first summons was returned on July 19, 2007, and included a handwritten notation that Blackwell had moved to Colorado. Besides Shaver’s bare assertions, there is no evidence in the record documenting Shaver’s attempts to locate Blackwell in Colorado. Absent such evidence, we can neither find that Shaver was diligent nor find that she established good cause for her failure to timely serve Blackwell. See id. at 1065 (¶ 12) (finding that the plaintiff failed to provide details regarding the attempts to effectuate service upon the defendant and, thus, failed to establish due diligence and good cause). Based on the foregoing, we find that Shaver failed to prove that she was diligent in attempting to locate Blackwell, and she failed to demonstrate good cause. Thus, we find that the trial court did not err by dismissing Shaver’s complaint.
II. Waiver
¶ 11. In the alternative, Shaver argues that Blackwell waived her affirmative defense of insufficiency of process by actively participating in litigation. Conversely, Blackwell argues that she never abandoned her affirmative defense of insufficiency of process, and her participation in litigation was minimal and, thus, insufficient to support a finding of waiver.
¶ 12. Participation in litigation is a factor considered in determining whether a defendant waived her affirmative defense of insufficiency of process. Lucas v. Baptist Mem’l Hosp.-N. Miss., Inc., 997 So.2d 226, 233 (¶ 19) (Miss.Ct.App.2008). However, “more is required to constitute a waiver.” Id. (quoting MS Credit Ctr., Inc. v. Horton, 926 So.2d 167, 180 (¶ 41) (Miss.2006)).
¶ 13. In Lucas, this Court found that a hospital minimally participated in litigation and did not waive its affirmative defense of insufficiency of process by acknowledging receipt of the summons and complaint; answering the complaint, which included its affirmative defenses; filing a motion to dismiss for improper venue; responding to a motion to strike; and issuing a subpoena for medical records to third parties. Id. at (¶¶ 19-20). Conversely, in Whitten v. Whitten, 956 So.2d 1093, 1098-99 (¶¶19-22) (Miss.Ct.App.2007), this Court found that the defendant’s participation in litigation — written discovery, settlement negotiations, and depositions — for two years before pursuing his affirmative defense of insufficiency of process constituted waiver of the affirmative defense.
¶ 14. Unlike the defendant in Whitten, Blackwell asserted her affirmative defense of insufficiency of process on March 19, 2008, shortly after she was served. The motion on the hearing was not held until December 12, 2008. During this time, both parties served each other with interrogatories and a request for production of documents. During the course of the liti *1159 gation, Blackwell filed a motion to dismiss or, in the alternative, a motion for summary judgment; filed an answer to the complaint; and responded to Shaver’s request for production of documents. We find that Blackwell’s participation in litigation was minimal, akin to that found in Lucas. Accordingly, we find that Blackwell did not waive her affirmative defense of insufficiency of process based on her minimal participation in litigation. This assignment of error is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. The motion for additional time was filed outside of the 120-day time period for service of process.

. Blackwell provided the date that she moved to Colorado in her affidavit to the trial court.