ROBERTS, J.,
for the Court:
¶ 1. This case comes before this Court after the Itawamba County Circuit Court granted a motion to dismiss in favor of defendants Jordan Boren and his mother, Melissa Graham.[1] The motion to dismiss was granted on September 8, 2011, on the ground that Boren, a minor at the time, was never personally served process after the suit was filed on February 19, 2010. Following the circuit court’s decision to grant the motion to dismiss, Tina Standifer and Robert Mann, plaintiffs in the suit, executed the current appeal.
FACTS AND PROCEDURAL HISTORY
¶ 2. On June 18, 2007, Boren was driving his vehicle when he allegedly crossed the center line and his vehicle collided with the vehicle occupied by Standifer, the driver, and Mann, the passenger. The Plaintiffs filed suit on February 19, 2010, alleging injuries sustained as a result of the collision. Boren and Graham were named defendants in the suit. Graham was personally served with process on March 26, 2010; however, Boren was never served with process. The Defendants still filed their answer and affirmative defenses on April 21, 2010. Included in their affirmative defenses was insufficiency of process and insufficiency of service of process. Then, on May 7, 2010, the Plaintiffs filed their first set of interrogatories, a request for production of documents, and a request for admissions. The Defendants responded to these requests on May 11, 2010.
¶ 3. The Defendants filed a motion to dismiss on January 27, 2011, claiming, among several other defenses, that there was an insufficiency of process and an insufficiency of service of process because Boren, a minor, was not served with process. The Defendants further claimed that Mississippi Rule of Civil Procedure 4(h) gave the Plaintiffs one hundred twenty days from February 19, 2010, the date suit was filed, to properly serve Boren. Boren was never served, and the Plaintiffs could not show good cause for failing to serve him process. The Plaintiffs argued that the motion to dismiss should have been denied “due to the lack of timeliness of [the motion to dismiss’s] filing and the [Defendants’] active participation in the litigation.”
¶ 4. On July 25, 2011, the circuit court held a hearing on the Defendants’ motion to dismiss. At the hearing, the circuit court found that the Defendants had not waived their right to pursue an affirmative defense; therefore, the motion to dismiss was granted. The circuit court did not rule on whether the statute of limitations had run until September 8, 2011, when it issued its order granting the motion to dismiss without prejudice. Feeling aggrieved, the Plaintiffs executed the current appeal and raise the following two issues:
I. Whether the circuit [court] erred in ... granting ... summary judgment.
II. Whether the [Defendants] waived any right to a [Mississippi Rule of Civil Procedure] 12 defense by participation in litigation.
ANALYSIS
¶ 5. “When reviewing a trial court’s grant or denial of a motion to dismiss, this Court employs a de novo standard of review.” Lucas v. Baptist Mem’l Hosp.-N. Miss., Inc., 997 So.2d 226, 229 (¶ 5) (Miss.Ct.App.2008) (citing Blakeney v. Warren *1269 Cnty., 973 So.2d 1037, 1039 (¶ 11) (Miss.Ct. App.2008)). Additionally, due to the nature of the two issues raised, we will address them both at the same time.
¶ 6. The Plaintiffs’ primary assertion is that the Defendants have waived “[a]ny right to assert a defense of insufficiency of process ... based on the passage of time and participation in litigation.” They argue that the Defendants made no motions to delay any actions, participated in discovery, and had multiple communications with the Plaintiffs’ attorney prior to filing the motion to dismiss. Further, the motion to dismiss was filed nine months after the answer was filed. The Plaintiffs also submit that the current case is distinguishable from Lucas because the defense in Lucas “filed early motions for improper venue that were answered and briefed before the motion to dismiss was filed, in effect constructively tolling the filing of the motion to dismiss!,]” and the Defendants in the present case did not do this.
¶ 7. Contrary to the Plaintiffs contention, we find that Lucas is directly on point. Thomas Lucas filed a medical negligence complaint against Baptist Memorial Hospital-North Mississippi (Baptist) on December 31, 2002, and amended that complaint on April 29, 2003. Id. at 228 (¶ 2). Lucas also filed a motion for additional time to serve process, which the circuit court granted. Id. Lucas admitted that Baptist was never properly served during the original one-hundred-twenty-day period or the additional time the circuit court granted. Id. at 229 (¶ 6). Lucas ultimately served process on Baptist on November 7, 2003. Id. at 228 (¶ 8). An attorney for Baptist returned the acknowledgment of receipt of the summons and complaint on November 24, 2003. Id. Baptist filed its answer to the complaint on December 15, 2003, and asserted various defenses, which included: (1) improper venue; (2) Baptist had been improperly identified as “Baptist Memorial Hospital”; and (3) Baptist had not been served with process within 120 days of filing the complaint. Id. at 228-29 (¶ 3). After filing a motion to dismiss on January 20, 2004, for improper venue or, alternatively, a request for a transfer of venue, Baptist then filed another motion to dismiss on August 20, 2004, asserting insufficiency of process. Id. at 229 (¶ 4). The motion to dismiss due to insufficiency of process was granted. Id. On appeal, Lucas argued that Baptist had waived its right to assert insufficiency of process because that affirmative defense was not included in the January 20, 2004 motion to dismiss and because Baptist had actively participated in the litigation. Id. at 232-33 (¶¶ 16, 19). Baptist had: filed an acknowledgment of receipt of the summons and complaint; answered the complaint; filed a motion to dismiss; responded to a motion to strike an affirmative defense for failure to serve process due to acknowledgment of receipt of service; and issued subpoenas for medial records. Id. at 233 (¶ 19). This Court held that because Baptist’s December 15, 2003 answer included the affirmative defense of insufficiency of process, this was sufficient to avoid waiving the defense under Mississippi Rule of Civil Procedure 12(h)(1). Lucas, 997 So.2d at 232-33 (¶ 18). Further, there was only a nine-month delay between Baptist’s answer and its first motion to dismiss. Id. at 233 (¶ 20). In regard to Lucas’s claim that Baptist’s active participation in the litigation waived its ability to pursue its affirmative defenses, this Court found that Baptist’s participation was minimal, and “[n]one of these actions can be seen as a waiver of the affirmative defenses.” Id.
¶ 8. In the present case, we are presented with a similar factual situation. The Plaintiffs filed their complaint on Feb *1270 ruary 19, 2010, and served Graham on March 26, 2010. Boren, a twenty-year-old minor as of March 26, 2010, was never served as required by Mississippi Rule of Civil Procedure 4(d)(2)(A). Rule 4(d)(2)(A) provides: “The summons and complaint shall be served together .... upon an unmarried infant by delivering a copy of the summons and complaint to any one of the following: the infant’s mother, ... and if the infant be [twelve ] years of age or older, by delivering a copy of the summons and complaint to both the infant and the appropriate person as designated above.” (Emphasis added). Boren was clearly a minor over twelve years old at the time of service; thus the Plaintiffs were required to serve him in addition to his mother. The Defendants filed their answer on April 21, 2010, and asserted multiple affirmative defenses, including insufficiency of process and insufficiency of service of process. On May 11, 2010, the Defendants also served responses to the Plaintiffs’ requests for admissions. The record also contains two letters, one from the Plaintiffs’ attorney to the Defendants’ attorney and the other from the Defendant’s attorney to the Plaintiffs attorney. This is the extent of participation in litigation that occurred in the present case, and, like the participation in Lucas, amounts to only minimal participation. Additionally, there was also only a nine month time period from when the Defendants filed their answer to when they filed their motion to dismiss. This time period is exactly the same as the time period in Lucas. Based on the precedent of this Court and the Mississippi Supreme Court, the Defendants did not substantially participate in litigation, nor did they wait too long before pursuing their motion to dismiss.
¶ 9. Finding that the Defendants did not waive their right to pursue the affirmative defenses of insufficiency of process and insufficiency of service of process, we affirm the circuit court’s decision to grant the Defendants’ motion to dismiss.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.'

. For the sake of brevity, Jordan Boren and Melissa Graham will be referred to collectively as "Defendants.” Tina Standifer and Robert Mann will be referred to collectively as "Plaintiffs.”