653 So.2d 930 (1995)
Ronnie M. SULLIVAN
v.
TRUSTMARK NATIONAL BANK.
No. 92-CA-00017-SCT.
Supreme Court of Mississippi.
April 6, 1995.
George Thomas Sullivan, Dan Anderson McIntosh III, Collins, for appellant.
Roy D. Powell, Jackson, for appellee.
En Banc.
BANKS, Justice, for the Court:
Here we are called upon to construe our savings statute with respect to claims against non-resident defendants who are absent from the state. We apply the settled law that the statute means absent and not amenable to *931 process and conclude that there are disputed issues of fact as to whether and when the defendant here was amenable to process. Accordingly we reverse the summary judgment granted in favor of the plaintiff bank.

I.
Ronnie Sullivan signed two promissory notes payable to Trustmark National Bank. The first note, dated August 20, 1980, was in the principal amount of $90,000. The second note, dated September 16, 1981, was in the principal amount of $45,409.59. The last payment on the $90,000 note was credited on June 25, 1982. The last payment on the $45,409.59 note was credited on July 22, 1982. Thereafter, Sullivan was deemed in default on these notes due to his failure to make any more payments.
Over six years later, on August 18, 1988, Trustmark filed a complaint against Sullivan seeking a judgment for the unpaid principal and interest on both notes plus attorney's fees and other costs. In the complaint, Trustmark stated that Sullivan was an adult non-resident citizen of the State of Mississippi and could be served with process of this Court pursuant to Rule 4 of the Mississippi Rules of Civil Procedure through his current mailing address of 3527 Elm Ridge, Houston, Texas 77025. Sullivan filed an answer on April 11, 1989, wherein he admitted that he was a non-resident but claimed that Trustmark's action was barred by the six-year statute of limitations.
On April 6, 1990, Trustmark filed a motion for summary judgment. Trustmark argued that there was no dispute that Sullivan was indebted to Trustmark. Furthermore, Trustmark argued that Sullivan moved from the State of Mississippi and failed to advise Trustmark of his whereabouts. Trustmark claimed that, despite its attempts to find Sullivan, it was unsuccessful in doing so until June 1988 when Sullivan's whereabouts were discovered. In support of the motion Trustmark filed affidavits of Michael E. Bishop, Harry Walker and Clovis Vaughn Martin, present and former employees of the bank.
On May 8, 1990, Sullivan filed a "Response to Motion for Summary Judgment" and an affidavit in which he particularized the facts concerning his residence, forwarding address information, communication with bank employees, and payments he had made on a MasterCard account with Trustmark with personal checks showing his address. Sullivan also claimed he would be denied his right to cross-examination if summary judgment was granted based upon a trial by affidavits. He did not file a cross-motion for summary judgment.
The trial court found that, as a matter of law, the statute of limitations had not run and granted the summary judgment in favor of the bank. This appeal ensued.

II.
The question presented involves a construction of Section 15-1-63 of the Mississippi Code Annotated (1972), which provides:
If, after any cause of action has accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after he shall return.
(emphasis added).
We have construed this code provision and its predecessors to require that a plaintiff seeking to benefit from it must have been unable to effect service on the defendant for the period which it is claimed that the statute is tolled. Gulf National Bank v. King, 362 So.2d 1253, 1254 (Miss. 1978); French v. Davis, 38 Miss. 218 (1859); Dent v. Jones, 50 Miss. 265 (1874). That is, the defendant must have left the state and not be amenable to service under a long-arm statute or other means, because for example, his whereabouts are unknown. The period of time that the defendant's whereabouts are unknown is deducted from the period of the statute which would otherwise have run, in effect, adding that time to the statute of limitations. However, the statute of limitations is not tolled where the plaintiff knew or should have known of the defendant's whereabouts. The burden of proof that the defendant was absent and not amenable to service *932 is on the plaintiff. Gulf National Bank, 362 So.2d at 1255.
In this case there is a dispute as to whether and when Trustmark knew or should have known of Sullivan's whereabouts during the six years prior to commencing this action. We have held that a summary judgment is only proper where there is no genuine issue of material fact. Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983). Trustmark claims, with supporting affidavits, that it did not know of Sullivan's whereabouts and therefore is not timebarred. Sullivan claims, by affidavit that Trustmark did know or should have known of his whereabouts at all times because: (1) he made payments, by check embossed with his Texas address, on a MasterCard account issued by Trustmark; (2) he had communication with a Trustmark bank officer; and (3) as a former president of Covington County Bank, a bank which frequently corresponded with Trustmark, his address was ascertainable. It is clear that there is a factual dispute not amenable to resolution by summary judgment in favor of the bank. Sweeney v. Preston, 642 So.2d 332, 336 (Miss. 1994); Smith v. Sanders, 485 So.2d 1051, 1053 (Miss. 1986). Indeed, if we were to judge from the affidavits alone, it would appear that the bank failed to meet its burden of proof. We eschew trial by affidavit, however. Brown v. Credit Center, Inc., 444 So.2d at 362; Donald v. Reeves Transport Co., 538 So.2d 1191 (Miss. 1989). Moreover, given the fact that Sullivan did not seek summary judgment in his favor and has not sought such relief here, it would be improper to reach that conclusion at this time.

III.
For the foregoing reasons, the judgment of the circuit court is reversed and this matter is remanded for further proceedings.
REVERSED AND REMANDED.
DAN M. LEE, P.J., and SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
HAWKINS, C.J., concurs with separate written opinion.
PRATHER, P.J., not participating.
HAWKINS, Chief Justice, concurring:
I concur. The majority has gone about as far as we can go, without doing violence to the plain words of the statute. Miss. Code Ann. § 15-1-63 has not been amended in well over a hundred years, and has become an appendage of dubious necessity. In that span of time, we have vastly broadened our concept of personal jurisdiction and amenability to suit of non-residents. If there is any present-day hand-wringing for someone's having "Gone to Texas,"  and I'm not saying that there may very well be  it will not be because he cannot be served with process and sued in Mississippi.
The Legislature in its wisdom might consider an appendagectomy.