IRVING, J.,
for the Court.
¶ 1. Tyrone Sanders, pro se, appeals a judgment of the Circuit Court of Nesho-ba County dismissing his action for damages resulting from an automobile accident. Sanders filed suit against Amber C. Robertson and Farm Bureau Insurance Company.[1] The court dismissed the case because of insufficiency of process and improper service of process. Additionally, the case was dismissed because Mississippi law prohibits direct actions for negligence against insurance companies in automobile collision disputes. Aggrieved, Sanders appeals, asserting that the circuit court erred in dismissing his complaint with prejudice.[2]
¶ 2. We find no error; thus, we affirm the judgment of the circuit court.
FACTS
¶ 3. On September 26, 2002, Sanders and Robertson were involved in a two-car automobile accident in Neshoba County, Mississippi. At the time of the accident Robertson was insured by Mississippi Farm Bureau Casualty Insurance Company (Casualty Insurance). On September 23, 2005, Sanders commenced this action pro se by filing a complaint in the Circuit Court of Neshoba County, claiming that Robertson negligently allowed her vehicle to cross the center-line and collide with his vehicle. Sanders alleges to have suffered neck and back injuries, as well as pain, sleep deprivation and an interrupted sleep pattern as a result of the accident. In addition to punitive damages, Sanders demanded a $45,000 judgment against Robertson and her insurance company.
¶ 4. On September 30, 2005, the Nesho-ba County Circuit Clerk issued a “Notice of Lawsuit and Request for Waiver of *495 Service of Summons” which named Robertson and a Casualty Insurance agent, Michael Vick, as defendants. However, the record indicates that a blank waiver of service of summons was filed on October 4, 2005, and the record contains no documentation proving that either defendant was properly served with process.
¶ 5. On October 28, 2005, Casualty Insurance filed a motion to dismiss on the grounds that it was improperly served and that it was not a proper party to the suit. Sanders responded by filing a “Plaintiffs Motion to Objection” in which he objected to the motion to dismiss and asked the court to “proceed on and disregard the motion To [sic] dismiss.”
¶ 6. On February 3, 2006, the Neshoba County Circuit Court held a hearing on Casualty Insurance’s motion. Sanders failed to appear at the hearing; nevertheless, the judge proceeded, and dismissed the action with prejudice. Following the judge’s order, Sanders sent a letter to the judge explaining that he was not at the hearing because he-was confused as to the date and location of the hearing.[3] Sanders continued to send letters to the circuit judge and to the circuit clerk after the case had been dismissed with prejudice. Sanders filed a notice of appeal on March 3, 2Q06.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. “This Court employs a de novo standard of review of a trial court’s grant or denial of a motion to dismiss.” Spencer v. State, 880 So.2d 1044, 1045(¶6) (Miss.2004).
¶ 8. Sanders contends that he is entitled to relief from the circuit court’s ruling because: (1) he ■ served Robertson with notice of the lawsuit at her job via facsimile, as well as by certified mail at her last known address; (2) 'Robertson is evading service of process; ■ (3) he made a good faith effort to serve Robertson with process; and (4) the hearing was held in Scott County, rather than Neshoba County, which is a more convenient forum for him.
¶ 9. We note that the record fails to confirm that Sanders in fact served Robertson or Casualty Insurance, and Sanders’ statement alone does not satisfy Rule 4(h) of the Mississippi Rules of Civil Procedure, which provides:
If a service of the summons and. complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
Although the record contains certified mail receipts for mailings sent by Sanders to the named defendants, we point out that all of the receipts are dated after the case was dismissed by the trial judge. When Sanders filed his complaint on September 23, 2005, the statute of limitations was tolled for 120 days, or until January 20, 2006. At the time of the September 23, 2005 filing, only three days remained before the running of the three-year statute of limitations. Thus, in order to refile Sanders would have had to do so by January 24, 2006, because the statute of limitations resumed running on January 21, *496 2006. We note that Sanders’ case was not dismissed until February 3, 2006.
¶-10. Furthermore, Rule 4(c) of the Mississippi Rules of Civil Procedure allows three methods of service upon Mississippi residents: (1) process server, (2) sheriff, and (3) first-class mail. Therefore, because Robertson is a Mississippi resident, Sanders could not use certified mail as an initial method of effecting service of process upon her. Triple “C” Transp., Inc. v. Dickens, 870 So.2d 1195, 1198-99(1121) (Miss.2004). Rule 4(c)(3)(B) provides, “[i]f no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint may be made in any other manner permitted by this rule.” Therefore, we, find no error in the trial judge’s decision' to dismiss Sanders’ case as there is no record that Sanders properly served Robertson.
¶ 11. Sanders next argues that he made a good faith effort to serve Robertson, but could not do so’because he could not locate her. We find that the record clearly belies this contention. Sanders claimed in his notice of appeal that he had in fact mailed a certified letter to Robertson’s last known address. In addition, Sanders stated that he “served Robertson with notice of the lawsuit” via facsimile to Robertson at her place of employment. The record appears to substantiate Sanders’ claim as it contains what appears to be a fax of the notice of lawsuit and request for waiver of service of summons. Nevertheless, Sanders still failed to properly serve Robertson.
¶ 12. The Mississippi Rules of Civil Procedure do not allow for the use of facsimile transmission to effect service of process. Thus, even if Sanders faxed a notice of lawsuit to Robertson, he still would not have not have been in compliance with Rule 4(h). Moreover, the record indicates that the fax was sent on February 27, 2006, after the case had been dismissed with prejudice. Thus, this Court cannot accept Sanders’ contention that he made a good faith attempt to effectuate service.
¶ 131 As further support for our ruling, we note that Sandei’s filed a “Motion to Enlarge Time” on March 3, 2006, well after the expiration of the 120-day period. The Mississippi Supreme Court has interpreted Rule 4(h) to stand for the proposition that “a plaintiff must serve a defendant with process within 120 days or show good cause why service was not made.” Webster v. Webster, 834 So.2d 26, 27-28(¶ 4) (Miss.2002) (quoting Watters v. Stripling, 675 So.2d 1242, 1243 (Miss.1996)). Thus, if Sanders was in fact having difficulty locating Robertson, it was incumbent upon him to petition the court for an extension of time prior to, rather than after, the expiration of the 120-day period. Since no motion to enlarge time was filed, Sanders relies solely on a finding of good cause to extend the time for service.
¶ 14. Furthermore, the Mississippi Supreme Court has held that “to establish ‘good cause’ the plaintiff must demonstrate ‘at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.’ ” Id. (quoting Peters v. United States, 9 F.3d 344, 345 (5th Cir.1993)) (emphasis added). Consequently, this Court must deny Sanders’ request that we excuse his errors due to his inexperience with handling legal matters. This Court does not relax the Mississippi Rules of Civil Procedure for pro se plaintiffs. In Perry v. Andy, 858 So.2d 143, 146(¶ 13) (Miss.2003) (citing Ivy v. Merchant, 666 So.2d 445, 449-50 (Miss.1995)), the Mississippi Supreme Court stated, “[p]ro se liti *497 gants must be held to substantially the same standards of litigation conduct as members of the bar.” The court also held that, “pro se plaintiffs must strictly comply with Miss. R. Civ. P. 4(h).” Id. at ¶ 14. Therefore, the trial judge properly dismissed Sanders’ case.
¶ 15. Sanders argues that he is entitled to relief because the hearing was held in Scott County as opposed to Neshoba County, where the accident occurred. Rule 2.02 of the Uniform Rules of Circuit and County Court provides:
The court is empowered to hear and determine all motions, appeals or other applications to the court, which the court may hear and determine without a jury, in term or vacation, and may hear or determine the same in any county in the judicial district of the court, or in a county to which venue has been transferred.
(emphasis added).
We point out that Scott County is located in the Eighth Circuit Court District, along with Leake, Newton, and Neshoba counties. Miss.Code Ann. § 9-7-27. There is no merit to this issue.
¶ 16. Sanders also contends that the trial court erred in granting Mississippi Farm Bureau Casualty Insurance Company’s Motion to Dismiss. Despite Sanders’ contention, Mississippi clearly prohibits direct actions against insurance companies. In Ford v. State Farm Ins. Co., 625 So.2d 792, 795 (Miss.1993) (citing Goodin v. Gulf Coast Oil Co., 241 Miss. 862, 133 So.2d 623, 624 (1961)), the Mississippi Supreme Court stated, “[i]n Goo-din, this Court ruled that a direct action could not be brought against an insurance company in Mississippi....” Clearly, there is no merit to Sanders’ contention that his case was dismissed in error.
¶ 17. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT DISMISSING THE ACTION WITH PREJUDICE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Sanders incorrectly named Farm Bureau Insurance Company as the defendant. However, Mississippi Farm Bureau Casualty Insurance Company, the would-be-proper defendant, without admitting that it had been properly served, responded with a motion to dismiss.

. Although Rule 4(h) provides that a dismissal for failure to serve process within 120 days shall be a dismissál without prejudice, we find that the dismissal with prejudice is harmless error, because, as we later explain, at the time of the dismissal, the statute of limitations had already expired.

. On December 12, 2005, the court issued a notice setting the hearing for January 6, 2006; however, this hearing was canceled and re-set for February 3, 2006. The court issued a re-notice of hearing reflecting this change. The record contains a certificate of service stating that this re-notice was mailed to Sanders on December 20, 2005.