WILSON, J.,
dissenting:
¶24. The Mississippi Supreme Court has emphasized that a “trial court’s finding of fact on the existence of good cause for the delay in service of process has been deemed ‘a discretionary ruling and entitled to deferential revieiv’ on appeal;”[5] Therefore, “we ... only examine ‘whether the trial court abused its discretion and whether there was substantial evidence supporting the determination.’ ”[6]1 dissent because, applying our deferential standard of review, I cannot say that the trial court abused its discretion by finding that Dar-ville failed to establish good cause or erred by dismissing the complaint with prejudice.
¶ 25. The complaint in this case was filed on April 26, 2012, a little over 100 days prior to the expiration of the statute *320 of limitations. Service was attempted on Mejia on May 30, 2012, but the process server reported that the address in Memphis was. -a “bad address.” Indeed, the address on the summons appears to have been incomplete and inaccurate-it was directed to Mejia at “4316 Sunny Drive,” but other records indicated that he lived or once lived at “4316 Sunnyslope Drive.”
¶ 26. A little over two months later, on August 6, 2012, Darville obtained summonses for three new addresses, including the “Sunnyslope Drive” address. She attempted to serve Mejia by certified mail at these addresses but was unsuccessful,
¶ 27. On September 14, 20Í2 — after the 120-day period for service of process had already expired — Darville moved for additional time to serve Mejia. Without any apparent support in the record, Darville asserted that there was “reason to believe” that Mejia was “attempting to evade service of process.” The circuit judge never ruled on this motion.
¶ 28. More than three months later, on January 2, 2013, Darville filed a second motion for an extension of time. In the motion, she reported no new efforts to serve Mejia but stated that she was “subpoenaing the lieense/driving records of [Mejia] to attain his current whereabouts, as evidenced by [an attached exhibit].” The attached exhibits were draft subpoenas to two state agencies in Tennessee and the Mississippi Department of Revenue. The circuit judge granted Darville’s motion for an additional 120 days to serve Mejia.
¶29. The docket reflects that the clerk, issued subpoenas to Darville’s attorney, but Darville never filed any proof of service. See M.R.C.P. 45(c). She did attach copies of the subpoenas as exhibits to a subsequent motion. One was stamped as “received,” but the other two bore no indication of service or receipt. There is no evidence in the record as to whether the subpoenas were ever served or whether any responses were received.
¶ 30. A docket entry in February 2013 indicates that the clerk mailed another summons to Darville’s attorney. However, the record contains no proof of service or anything else to indicate the address on the summons or what became of it.
¶ 31. On July 2, 2013, Darville filed a third motion for additional time to serve Mejia. This motion was filed fifteen months after Darville filed her complaint and approximately two months after her 120-day extension had expired. In her motion, Darville vaguely reported that she had subpoenaed Mejia’s driving and license records in an effort “to attain his current whereabouts, but to no avail.” She also represented that she had “received one remaining address for [Mejia] and would like to attempt to serve [Mejia] at that location.” The circuit judge promptly denied this motion, finding that Darville “failed to provide ... the Court with sufficient evidence to find that good cause exists for the extension or that the extension was requested within the prior 120 days extension.” There is nothing in the record to indicate that Darville ever attempted service. at the “one remaining address” she had received.
¶ 32. The docket reflects no further action in the case for almost six months until December 20, 2013 — twenty months after the complaint was filed — when Dar-ville filed a fourth motion for additional time to effect service. In this motion, Darville stated that she had “performed extensive investigations as to the whereabouts of [Mejia], as evidenced by [an attached exhibit].” The attached exhibit is a LexisNexis public records search; Dar-ville also asserted that Mejia was “evading service” and was “believed to be an illegal alien and/or a drifter ” or possibly “a va *321 grant” (emphasis by Darville). Finally, based on the LexisNexis report, Darville alleged that Mejia “uses multiple names, addresses and identification^]” and that his “social security number is linked to multiple individuals.”
¶33. In February 2014, Darville attempted to serve Mejia through the Secretary of State pursuant to Mississippi Code Annotated section 13-3-63 (Rev.2012) and through his insurance company. The Secretary of State’s attempt to serve Mejia by certified mail was unsuccessful, but it should be noted that the summons was mailed to the same “Sunny Drive” address that appears to have been incomplete and inaccurate when service was first attempted there almost two years earlier. At this point, as the majority describes, Mejia moved to dismiss on the ground that Dar-ville’s claim was barred by the statute of limitations as a result of her failure to effect service within the time permitted by Mississippi Rule of Civil Procedure 4(h). In opposition to the motion, Darville repeated her- various allegations regarding Mejia, including that he is an “illegal alien,” a “vagrant,” or a “drifter.”
¶ 34. In May 2014, after a hearing, the circuit judge granted Mejia’s motion to dismiss. In her order, the judge reaffirmed her prior ruling that Darville failed to establish good cause for an extension, and she concluded that the statute of limitations had run as a result.
¶ 35. As Darville’s arguments rely heavily on a LexisNexis public records search, that report is worth examining. Darville says that the report shows that Mejia “has eleven (11) different aliases.” However, the report refers to these as “Name Variations,” not “aliases,” and they are all slight variations on Hector Mejia or Hector Mejia Herrera (e.g., with and without a “Sr.” or with and without a middle name or initial). Darville also says that the report reveals “eighteen different residences from 2008-2013.” However, some of these are obvious duplicates, and the report shows only five , possible addresses for the period of time after Darville filed her complaint and attempted service. Finally, Darville highlights the following notation in the LexisNexis report: “SSN linked to multiple people.” Perhaps this is supposed to support her claim that Mejia is an “illegal alien,” but its meaning is' at best unclear, and it may simply refer Mejia’s “Name Variations.” In sum, Dar-ville’s LexisNexis report, which she refers to as an “Investigative File,” actually reveals little if anything that would support a finding of good cause. It certainly does not demonstrate that the circuit judge abused her discretion by finding that good cause was lacking.
¶ 36. This is not to say that the report is entirely lacking in potentially useful information. For one thing, it indicates that Mejia has a valid and current Tennessee driver’s license that he renewed in February 2012. He appears to have maintained a Tennessee license since at least 2002. The Tennessee Department of Safety is not supposed to issue licenses to illegal aliens. Tenn.Code Ann. § 55-50-303(9). Possibly the most relevant piece of information in the report is the address associated with Mejia’s current Tennessee driver’s license, which was issued just two months before Darville filed her complaint. This address is also the first — and seemingly current — address listed in the Lexis-Nexis report and the address connected to his most recent Tennessee vehicle registration. Yet as far as I can discern from the record, Darville never once attempted to serve Mejia at this address, even though her own research seems to suggest that it was his most likely place of residence. There may be a good explanation *322 for this, but if there is, it is not in the record.[7]
¶ 37. On this record, it simply cannot be said that the circuit judge abused her discretion by finding that Darville- failed to meet her burden . of establishing ■ good cause.[8] Indeed', the evidence that Darville placed before , the circuit judge supports a finding that she took no steps to effect .service from August 2012 until February 2014, when she attempted service, through the Secretary of State at what appears to be an incomplete and incorrect address.
¶ 38. As noted above, the circuit judge’s ruling on this issue is “a discretionary ruling and- entitled to deferential review on appeal.” Jenkins, 3 So.3d at 750 (¶ 13) (alterations omitted). This point .“cannot be. overstated.” Id. at 751 (¶ 23) (Pierce, J., specially concurring). “When we say that the trial court has discretion in a matter, we imply that there is "a limited right to be wrong. The statement imports a view that there are at least two-different decisions that the trial court could have made which on appeal must be affirmed.” Darnell v. Darnell, 167 So.3d 195, 207 (¶ 34) (Miss.2014) (quoting Burkett v. Burkett, 537 So.2d 443, 446, (Miss.1989)) (alterations omitted). For this reason, the majority’s reliance on Jenkins is misplaced. That -decisipn affirmed the trial court’s finding of good cause, but it in no way implied that the. Court would have reversed a finding that good cause was •lacking. Indeed, from reading the opinions in Jenkins, a 5-to-4 decision, I cannot help but conclude' that the Court would have affirmed, either, finding by the trial court,[9] as is often the case with a trial court’s discretionary ruling. Therefore, it would be a mistake to suggest that the circuit judge in this case should be reversed simply because Darville’s attempts to serve Mejia are in some ways similar to those of the plaintiff in Jenkins. The only question for this Court is whether there is substantial evidence in the record in this case to support the circuit judge’s finding that good cause was lacking. -For the reasons discüssed above, there is. ■
■ ¶ 39, The majority also concludes that any dismissal should have been without prejudice because “the statute of limitations may be tolled in this instance” pursuant to Mississippi Code-Annotated section 15-1-63 (Rev.2012). See Sullivan v. Trustmark Nat’l Bank, 653 So.2d 930, 931-32 (Miss.1995); M.R.C-P. 4(h).[10] However, Darville did not raise this issue in the circuit court in opposition to Mejia’s *323 motion to dismiss or at the hearing on the motion. See Moffett v. State, 49 So.3d 1073, 1088 (¶ 41) (Miss.2010) (“The well-recognized rule is that a trial court will not be put in error on appeal for a matter not presented to it for decision.” (quoting Mills v. Nichols, 467 So.2d 924, 931 (Miss.1985))). Nor has she articulated it on appeal. The nature of the dismissal is not identified as an issue or specified as error. Near the conclusion. of both , her principal brief and her reply brief, Darville cites Sullivan as a “cf.” at the tail end of a long string-cite, with a parenthetical reference to section 15-1-63. However, the argument to which the string-cite is appended is that the statute of limitations was tolled during each 120-day period for service. This is insufficient to preserve the distinct issue that the majority addresses, see M.R.A.P. 28(a)(3) & (6), even if it had been raised in the circuit court, which it was not. Accordingly, I would hold that this issue is waived. .
¶40. In conclusion, on the record before us, it cannot be said that the circuit' judge abused her discretion by finding that Darville failed to meet her burden of establishing good cause. Therefore, the circuit judge did not err by dismissing the complaint. Because the majority reaches a different conclusion, I respectfully dissent.
GRIFFIS, P. J, CARLTON AND FAIR, JJ„ JOIN THIS OPINION.

. Jenkins v. Oswald, 3 So.3d 746, 750 (¶ 13) (Miss.2009) (quoting Holmes v. Coast Transit Auth., 815 So.2d 1183, 1185 (¶ 6) (Miss.2002)) (alterations omitted).

. Id. (quoting Holmes, 815 So.2d at 1185 (¶ 6)); see also id. at 751 (¶ 23) (Pierce, J., joined by Randolph, Lamar, and Kitchens, JJ., specially concurring) (“It cannot be overstated that our trial courts are entitled to ‘deferential review' in matters that require a discretionary ruling.”); Stutts v. Miller, 37 So.3d 1, 7 (¶ 20) (Miss.2010) (Pierce, J., joined by Randolph, Lamar, and Chandler, JJ.,' specially concurring) (same).

. The majority misunderstands my point. I make no claim that "Mejia was .,. easily found,” Ante, at (¶ 18). To begin with, it was not Mejia’s burden to prove that he was "easily found.” It was Darville’s burden to prove that she acted diligently in trying to effect ' service. ' See Holmes, 815 So.2d at 1185-87 (¶¶ 7, 12-14). The absence of any record evidence that she ever attempted to serve Mejia at the. address associated with his current driver’s license is relevant to that issue’. We do not know whether Mejia would have been "found” there because Darville apparently never attempted service there.

. See Holmes, 815 So.2d at 1185 (¶ 7) ("The plaintiff bears the burden of establishing good cause.”).

.See Jenkins, 3 So.3d at 750 (¶ 16) (emphasizing the deferential standard of review and criticizing thé dissent for-only "pay[ing] lip service to the principle”); id. at 751 (¶¶ 19-24) (Pierce, J., specially concurring) (emphasizing the deferential standard of review and ”yield[ing] to [the trial court’s] finding”).

; As with the issue- of good cause, "[t]he burden of proof that [the statute of limitations should be tolled because] the defendant was absent [from the State] and not amenable to service is on the plaintiff.” Sullivan, 653 So.2d at 931-32.